1
2
3
4
5

**UNITED STATES DISTRICT COURT**

6

**EASTERN DISTRICT OF CALIFORNIA**

7
8

ALEX BEJARANO,

No.  1:13-cv-01859-AWI-GSA

9

Plaintiff,

10

**FINDINGS AND RECOMMENDATIONS RE. PLAINTIFF'S MOTION TO REMAND ACTION TO STATE COURT**

v.

11
12

INTERNATIONAL PAPER COMPANY, et al.,

13

(Doc. 6)

Defendants.

14
15

**INTRODUCTION**

16

Plaintiff Alex Bejarano ("Plaintiff") is suing his former employer, International Paper

17

Company ("Defendant IP"), and two of its supervisory employees, Luis Nava and Dean Turczyn

18

("Individual Defendants"), for various state law causes of action, including unlawful termination,

19
20

disability discrimination, harassment based on disability or perceived disability, and intentional

21

infliction of emotional distress.  The lawsuit was originally filed in the Fresno County Superior

22

Court.  Defendants International Paper Company, Luis Nava and Dean Turczyn (collectively,

23

"Defendants") removed the case to this Court on the basis of diversity jurisdiction, pursuant to 28

24

U.S.C. § 1332.

25

Pending before the Court, for Findings and Recommendations, is Plaintiff's motion to

26

remand the action to the Fresno County Superior Court.  Plaintiff argues that the matter must be

27
28

remanded to state court because this Court lacks subject matter jurisdiction.  Specifically, Plaintiff

1

contends that diversity jurisdiction does not exist because Plaintiff and the Individual Defendants are all California citizens.[1]  Doc. 6.  Defendants respond that the citizenship of the Individual Defendants, Nava and Turczyn, is irrelevant for purposes of determining the existence of diversity jurisdiction because they were fraudulently joined in this action by Plaintiff.  *See* Doc. 2, Defts.' Notice of Removal, at 3.  Defendants assert that complete diversity exists between the remaining parties, i.e., Plaintiff and Defendant IP, and that removal is therefore proper.[2]

The Court found the matter suitable for decision without oral argument and took the matter under submission pursuant to Local Rule 230(g).  For the reasons set forth below, the Court RECOMMENDS that Plaintiff's motion to remand be GRANTED.

### RELEVANT FACTS

Plaintiff's complaint alleges that he was employed by Defendant IP in Sanger, California as a machine operator from approximately August 1995 to March 1997; he was re-hired in March 1998 and was terminated on March 28, 2012.  Plaintiff filed the instant lawsuit after he was terminated.  Dean Turczyn was the plant manager at the International Paper plant where Plaintiff was employed; Luis Nava was Plaintiff's direct supervisor.[3]  Doc. 2, Exh. A, ¶ 12.

The complaint specifically alleges two causes of action against the Individual Defendants: (1) harassment based upon disability or perceived disability (Cal. Govt. Code § 12940(j)); and (2) intentional infliction of emotional distress (state common law tort).[4]  The factual allegations in the

---

[1] Defendants acknowledge that the Individual Defendants are citizens of California.  *See* Doc. 2 at 3.

[2] Plaintiff alleges that he is a citizen of California.  Defendants allege that Defendant IP is a citizen of New York and Tennessee, as it is incorporated in the state of New York and, at all relevant times, has had its principal place of business in the state of Tennessee.  Doc. 2 at 3; *also see* 28 U.S.C. § 1332(c)(1); *Lew v. Moss*, 797 F.2d 747, 749 (9th Cir.1986); *Kanter v. Warner-Lambert Co*., 265 F. 3d 853, 857 (9th Cir. 2001).

[3] The complaint refers to Dean LNU (Last Name Unknown).

[4] The Complaint also alleges multiple causes of action against Defendant IP: (1) disability discrimination (Govt. Code § 12940(a)); (2) harassment based upon disability or perceived disability (Govt. Code § 12940(j), (k)); (3) medical leave discrimination and retaliation (Govt. Code § 12945.2 (CFRA)); (4) failure to engage in a timely, good faith, interactive process to determine reasonable accommodation for disability (Govt. Code § 12940(n)); (5) failure to make reasonable accommodations for disability (Govt. Code § 12940(m)); (6) retaliation for attempting to exercise and exercising rights under the California Fair Employment and Housing Act ("FEHA") (Govt. Code §§ 12900-12996); (7) failure to prevent, investigate, and correct discrimination (Govt. Code § 12940(j), (k)); (8) intentional

complaint state that in 2012, after Plaintiff "took medical and disability leave, Defendants Nava and Turczyn began unfairly criticizing [him] and belittling him by claiming that [he] was unfit for work, reassigning him to menial tasks and ultimately terminating him." Doc. 6, Pltff.'s Mtn. to Remand, at 3. The complaint further alleges that the Individual Defendants engaged, along with other employees, "in a pattern of harassing behavior targeting [Plaintiff] on the basis of his disabilities, and belittling [him] for those same disabilities." *Id.* at 3-4.

### LEGAL STANDARD

**A. Removal Generally**

Pursuant to 28 U.S.C. § 1441(a), a defendant has the right to remove a matter to federal court if the district court would have had original jurisdiction over it. 28 U.S.C. § 1441(a); *Caterpillar, Inc. v. Williams*, 482 U.S. 286, 392 (1987). District courts have "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. In addition, district courts have original jurisdiction over diversity actions, i.e., civil actions where the amount in controversy exceeds $75,000, exclusive of interest and costs, and the case is between citizens of different states. 28 U.S.C. § 1332. Diversity jurisdiction under § 1332 requires that each plaintiff be diverse from each defendant. *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 553 (2005) (citing *Owen Equipment & Erection Co. v. Kroger*, 437 U.S. 365, 375 (1978)).

If a defendant has improperly removed a case over which the district court lacks subject matter jurisdiction, the district court shall remand the case to the state court. 28 U.S.C. § 1447(c). To protect the jurisdiction of state courts, removal jurisdiction is strictly construed in favor of remand. *Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083 (9th Cir. 2009) ("The removal statute is strictly construed against removal jurisdiction [and] [t]he defendant bears

---

infliction of emotional distress (state common law tort); and (9) wrongful termination in violation of public policies (state common law tort).

the burden of establishing that removal is proper."); *Harris v. Bankers Life and Cas. Co.*, 425

F.3d 689, 698 (9th Cir. 2005) (citing *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108–09

(1941)).  Any doubt as to the right of removal must be resolved in favor of remand.  *Gaus v.*

*Miles*, 980 F.2d 564, 566 (9th Cir. 1992); *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d

1089, 1090 (9th Cir. 2003) ("[w]here doubt regarding the right to removal exists, a case should be

remanded to state court"); *Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1252 (9th Cir.

2006) (noting that a district court resolves all ambiguity in favor of remand).  "Th[is] 'strong

presumption' against removal jurisdiction means that the defendant always has the burden of

establishing that removal is proper."  *Id.* (internal citations omitted).

A motion to remand is the proper vehicle for challenging removal.  *Babasa v.*

*LensCrafters, Inc.*, 498 F.3d 972, 974 (9th Cir. 2007).  28 U.S.C. 1447(c) provides that "[i]f at

any time before final judgment it appears that the district court lacks subject matter jurisdiction,

the case shall be remanded."  However, a district court lacks discretion to remand a case to the

state court if the case was properly removed.  *Carpenters S. Cal. Admin. Corp. v. Majestic*

*Hous.*,743 F.2d 1341, 1343 (9th Cir. 1984); *see also Carnegie-Mellon Univ. v. Cohill*, 484 U.S.

343, 356 (1988).

### B.  Fraudulent Joinder

Although diversity jurisdiction exists when each plaintiff is diverse from each defendant,

the doctrine of fraudulent joinder carves out an exception to this general rule.  Pursuant to this

doctrine, removal is proper despite the presence of a non-diverse defendant, if that defendant is a

"fraudulently joined" or "sham" defendant.  *See Caterpillar, Inc. v. Lewis*, 519 U.S. 61, 68, 117

S.Ct. 467, 136 L.Ed.2d 437 (1996).  "If a plaintiff fails to state a cause of action against a resident

defendant, and the failure is obvious according to the well-settled rules of the state, the joinder is

fraudulent and the defendant's presence in the lawsuit is ignored for purposes of determining

diversity." *United Computer Sys. v. AT & T Corp*., 298 F.3d 756, 761 (9th Cir. 2002) (internal

quotation marks and citations omitted).  In the Ninth Circuit, a non-diverse defendant is deemed a

sham defendant if, after all disputed questions of fact and all ambiguities in the controlling state

law are resolved in the plaintiff's favor, the plaintiff could not possibly recover against the party

whose joinder is questioned.  *Kruso v. Int'l Tel. & Tel. Corp*., 872 F.2d 1416, 1426 (9th Cir.

1989).

   A court may look beyond the pleadings to determine if a defendant is fraudulently joined,

but "a plaintiff need only have one *potentially* valid claim against a non-diverse defendant" to

survive a fraudulent joinder challenge. *See Knutson v. Allis–Chalmers Corp*., 358 F.Supp.2d 983,

993–95 (D.Nev. 2005) (emphasis added) (summarizing cases); *Ritchey v. Upjohn Drug Co*., 139

F.3d 1313, 1318 (9th Cir.1998).  Accordingly, a defendant seeking removal based on an alleged

fraudulent joinder must do more than show that the complaint at the time of removal fails to state

a claim against the non-diverse defendant.  *See Burris v. AT & T Wireless, Inc*., 2006 WL

2038040, at *2 (N.D. Cal. July 19, 2006).  Remand must be granted unless the defendant shows

that the plaintiff "would not be afforded leave to amend his complaint to cure [the] purported

deficiency."  *Id*. at *2.

   Finally, the defendant always has the burden of establishing that removal is proper, and

"[f]raudulent joinder must be proven by clear and convincing evidence."  *Hamilton Materials,*

*Inc. v. Dow Chemical Corp*., 494 F.3d 1203, 1206 (9th Cir. 2007); *see also Gaus v. Miles*, 980

F.2d 564, 566 (9th Cir. 1992).

## DISCUSSION

   Plaintiff's instant motion to remand challenges Defendants' grounds for removal as stated

in Defendants' Notice of Removal.  Doc. 2.  In the Notice of Removal, Defendants asserted that

the Court has diversity jurisdiction over the action because the Individual Defendants have been

fraudulently joined, thereby making their citizenship "irrelevant" for purposes of determining "whether complete diversity exists in this case." Doc. 2 at 3. Defendants explain that the fraudulent joinder is apparent because Plaintiff has not stated a claim against either of the Individual Defendants. Specifically, Defendants allege that Plaintiff's claim of harassment against the Individual Defendants is defective because of insufficient factual allegations and because Plaintiff did not administratively exhaust this claim as required under FEHA. [5] Defendants further allege that Plaintiff's claim of intentional infliction of emotional distress against the Individual Defendants is also not viable because the factual allegations in the complaint are insufficient to support this claim. Doc. 2 at 4, 6.

Plaintiff counters that Defendants have failed to meet their burden "to prove by clear and convincing evidence that there is absolutely no possibility that [Plaintiff] has a potentially valid claim against either or both Individual Defendants." Doc. 6 at 5. Plaintiff contends that the fraudulent joinder doctrine is therefore inapplicable, and, in turn, diversity jurisdiction does not exist and the case must be remanded.

As discussed in more detail below, the Court finds that Plaintiff has stated potentially viable claims against both of the Individual Defendants, and the Court therefore lacks subjective matter jurisdiction. The Court RECOMMENDS that the matter be remanded to the Fresno

---

[5] As part of their argument that Plaintiff has failed to exhaust his administrative remedies against the Individual Defendants, Defendants assert:

> In this case, Plaintiff filed two charges and one amended charge with the DFEH against Defendant International Paper. But nowhere in the charges did Plaintiff identify Defendant Nava or Turczyn as a respondent or co-respondent, let alone an individual who committed the discriminatory or harassing conduct. In fact, the individual defendants were only named as witnesses in one of the charges. Since Plaintiff failed to identify them as individuals whose conduct violated the FEHA, Plaintiff failed to exhaust his administrative remedy against them in violation of Government Code section 12960(b).

Doc. 9 at 7. Defendants further argue that Plaintiff cannot now seek to exhaust his administrative remedies against the Individual Defendants because —in light of the fact that the last act of discrimination alleged by the Plaintiff, i.e. his termination, occurred on March 28, 2012—the one-year statute of limitations to file a FEHA complaint with the DFEH has already run. Doc. 9 at 6-7, 9. FEHA requires an employee to file a charge with DFEH within one year of the allegedly wrongful act. Cal. Govt. Code § 12960. Defendants contend that, therefore, any claims against the Individual Defendants are barred by the applicable statute of limitations. Doc. 9 at 8.

County Superior Court pursuant to 28 U.S.C. § 1447(c).[6]

### A. Plaintiff States Potentially Valid FEHA Harassment Claims Against the Individual Defendants

(1) The Allegations in the Judicial Complaint

The complaint's factual allegations underlying Plaintiff's FEHA disability-harassment claim against Individual Defendants, pursuant to Cal. Govt. Code §§ 12940(j), are as follows:

    (i)    After returning from medical leave for eye surgery, Defendant Turczyn "told Plaintiff that he was going to take Plaintiff off the machine because Plaintiff's motor skills were not there. [Defendant Turczyn] said that he used to be a helicopter pilot and when his men got back from disability leave, their motor skills were not there." Defendant Turczyn also told Plaintiff "that if he gave Plaintiff's job responsibilities back, it would not be fair to the man who was doing Plaintiff's job while Plaintiff was out on disability leave." (Doc. 2, Complaint ¶25).

    (ii)    "Co-workers Shawn Villareal and Aaron Maltos would frequently offer Plaintiff snacks and cookies, knowing that Plaintiff cannot eat them … Mgr. Nava was usually in the lunchroom and witnessed how Plaintiff was mocked because of his disabling condition [diabetes]. Mgr. Nava would smirk in response to the mocking and did not reprimand Villareal or Maltos." (Doc. 2, Complaint ¶ 18).

    (iii)    Defendant Nava witnessed other incidents in which Plaintiff was mocked by co-workers because of his disabilities. (Doc. 2, Complaint ¶27).

    (iv)    "In or about mid-October 2011, Plaintiff returned to work [from medical leave related to eye surgery]." Defendant Nava refused to assign Plaintiff his old job duties "and instead assigned Plaintiff to go sweep the warehouse." (Doc. 2,

---

[6] Defendants argument that Plaintiff's motion to remand is untimely is unavailing under 28 U.S.C. § 1447(c), which provides that a case that is removed from state court may be remanded for lack of subject matter jurisdiction at any time before final judgment.

Complaint ¶ 24).

(v)     Defendant Nava witnessed Plaintiff falling off a roller platform in December 2011. He and Plaintiff allegedly disagreed on the contents of the "incident report" regarding this event, and Defendant Nava ripped up Plaintiff's report and rewrote it.  Shortly thereafter Defendant Nava refused to allow Plaintiff to take a floating holiday offered to other workers who had not taken medical leave, although Plaintiff had more seniority at the plant.  Defendant Nava told Plaintiff he had already taken enough time off, although Plaintiff had taken the time off on account of his disability.  (Doc. 2, Complaint ¶¶ 28, 31).

(vi)    In February 2012, following the implementation of a new attendance policy at the company that only permitted employees to have 5 attendance points or days off before they were terminated, Defendant Nava told Plaintiff he was not going to make it under the new policy.  Defendant Nava advised Plaintiff, "You should try and get social security even if it means getting rid of one of your fancy cars." (Doc. 2, Complaint ¶¶ 33-34).

(2) The Allegations in the Administrative Complaints

Plaintiff filed an administrative complaint alleging disability and age discrimination with the DFEH on April 23, 2013.[7]  Doc. 6, Ex. 3.  Plaintiff's complaint alleges that he was harassed at

---

[7] In his April 23, 2012 complaint to the DFEH, Plaintiff named "International Paper" as the respondent employer. Doc. 6, Exh. 3.  Regarding the discriminatory actions against him, Plaintiff's DFEH complaint stated as follows:

I.      On October 18, 2011, I was denied return to duties of machine operator.  From March 2011, through March 08, 2012, I was harassed. At the time of harassment I was a Machine Operator and earned approximately $23.68 per hour. I was hired on or about March 17, 1998.

II.     I was told by Dean [Turczyn] (Plant Manager) "When he was in the military he was a helicopter pilot and when his men came back from a leave their motor skills weren't the same."

III.    I believe I was harassed and denied return to my duties of machine operator because of my Disability (Diabetes) and age (46). My belief is based on the following:

A.      On October 18, 2011, I was denied return to duties of machine operator I was assigned to sweep the warehouse. I could have performed my duties as machine operator because my doctor had cleared me to return with no restrictions.

his work over a period of approximately one year, from March 2011 to March 2012, on the basis

of a disability (Diabetes) and for taking medical leave.  Plaintiff's complaint includes allegations

that Defendant Turczyn, who was the plant manager at Plaintiff's work site, made disparaging

comments related to Plaintiff's taking medical leave.  The administrative complaint also includes

allegations that he was removed from his regular machine-operator duties and assigned to menial

tasks such as sweeping the warehouse upon his return from medical leave.  Finally the complaint

alleges that his supervisor, Defendant Nava, saw other workers frequently harassing the Plaintiff

because of his disability and his age.  Doc. 6, Ex. 3.

Plaintiff filed a second DFEH complaint on September 11, 2012; he amended this

complaint on January 20, 2013.  Plaintiff's second DFEH complaint, as amended, charges that he

was denied medical leave and that on March 28, 2012 he was terminated for seeking medical

leave pursuant to the California Family Rights Act ("CFRA").[8]  Doc. 6, Ex. 5; Doc. 10 at 5.

Plaintiff received a right to sue letter from the DFEH on July 29, 2013.  Doc. 6, Ex. 6.

DFEH dual-filed Plaintiff's administrative complaints with the EEOC.  Doc. 6, Exs. 3, 6;

Doc. 6 at 8.  Plaintiff also completed an EEOC "Intake Questionnaire."  Doc. 6, Ex. 4.  In the

intake questionnaire, Plaintiff stated that he was penalized by his employer upon returning to

---

B.      From March 2011 to March 08, 2012, I was harassed by Aaron Maltos (Co-Worker) and Sean Villareal (Co-worker). The harassment was of a verbal nature and occurred on a weekly basis (examples on file w/DFEH). Much of the harassment was witnessed by Luis Nava (Supervisor).

Doc. 6, Ex. 3.

[8] Plaintiff's second complaint, filed on September 11, 2012, identifies "International Paper" as the respondent employer.  This complaint, as amended on January 20, 2013, states, in relevant part, as follows:

I.      I was hired on or about March 17, 1998 as a Machine Operator.  I was terminated on March 28, 2012.  At the time of my termination I was making $23.69 per hour.

II.     On March 28, 2012, Paul Bettencourt, Manager, informed me I was terminated for attendance.

III.    I believe I was terminated and denied California Family Rights Act [CFRA] leave, which is a violation of California Government Code section 12945.2, based on the following reasons:

a)      On or about February 15, 2012, I went on leave for a serious health condition.  I applied for CFRA and was denied on February 23, 2012.

b)      On or about March 18, 2012, I requested time off as I was diagnosed to be contagious and could not go to work.  My employer stated that I had exhausted my family leave.

c)      On March 28, 2012, I was informed I was terminated for attendance.

Doc. 6, Exh. 5.

work with a doctor's note after a bout of shingles in March 2012.  Plaintiff stated that Dean

Turczyn, the plant manager stated that he had exceeded the company's newly-implemented

attendance point system.  He further stated that Luis Nava, his supervisor, tampered with an

incident report he had filed after a fall on December 14, 2011.  Doc. 6, Ex. 4.

(3) Plaintiff Exhausted his Administrative Remedies, under FEHA, with Respect to the
Individual Defendants

(i)      *Applicable Legal Standards*

As part of their fraudulent-joinder argument, Defendants allege that Plaintiff cannot bring

a FEHA harassment claim against the Individual Defendants because he failed to exhaust his

administrative remedies against them.  However, the question of exhaustion is liberally construed

and is not designed to preclude plaintiffs, many of whom proceed pro se at the administrative

stage, from subsequently filing employment discrimination lawsuits.  As discussed below, here

the Court finds that Plaintiff has sufficiently exhausted his administrative remedies against the

Individual Defendants so as to not preclude the FEHA disability-harassment claim alleged against

them in his civil complaint.

"In order to bring a civil action under FEHA, the aggrieved person must exhaust the

administrative remedies provided by law."  *Yurik v. Superior Court*, 209 Cal.App.3d 1116, 1121

(1989); *accord Palmer v. Regents of Univ. of Cal.*, 107 Cal.App.4th 899,904 (2003) (under FEHA,

exhaustion of administrative remedies is a "jurisdictional prerequisite to resort to the courts");

*Martin v. Lockheed Missiles & Space Co.*, 29 Cal.App.4th 1718, 1724 (1994).  Exhaustion in this

context requires filing a written charge with DFEH within one year of the alleged unlawful

employment discrimination, and obtaining notice from DFEH of the right to sue.  *Romano v.

Rockwell Int'l, Inc*. 14 Cal.4th 479, 492 (1996); *Rascon v. Diversified Maint. Sys.*, 2014 WL

1572554, *5 (E.D. Cal. Apr. 17, 2014).  The scope of the written administrative charge defines

the permissible scope of the subsequent civil action.  *Yurik*, 209 Cal.App.3d at 1121-23.

Allegations in the civil complaint that fall outside the scope of the administrative charge are barred for failure to exhaust.

The exhaustion requirement is "to be construed liberally" to accomplish the purposes of FEHA, which include the elimination of employment discrimination.  Cal. Gov't. Code §§ 12993(a), 12920; *see also Chopourian v. Catholic Healthcare West*, 2011 WL 6396500, *10 (E.D. Cal. December 20, 2011) (the administrative exhaustion requirement is "not rigid").  In the Ninth Circuit, the allegations of a civil claim are within the scope of the DFEH charge if they are "like or reasonably related to" the allegations made in the charge.  *Freeman v. Oakland Unified School District*, 291 F.3d 632, 636 (9th Cir. 2002); *Sandhu v. Lockheed Missiles & Space Co*., 26 Cal.App.4[th] 846, 859 (1994) (adopting the exhaustion standard articulated by the Ninth Circuit). [9] This standard is met where the allegations in the civil suit would be uncovered by an administrative investigation 'which can reasonably be expected to grow out of the charge of discrimination.'"  *Rodriguez v. Airborne Express*, 265 F.3d 890, 897 (9th Cir. 2001); *also see Nazir v. United Airlines, Inc*., 178 Cal.App.4[th] 243, 268 (2009) (the charge submitted to DFEH is "construed in light of what might be uncovered by a reasonable investigation").

Furthermore, "[i]n determining whether a plaintiff has exhausted allegations that she did not specify in her administrative charge, it is appropriate to consider such factors as the alleged basis of the discrimination, dates of discriminatory acts specified within the charge, perpetrators of the discrimination named in the charge, and any locations at which the discrimination is alleged to have occurred."  *B.K.B. v. Maui Police Dept*., 276 F.3d 1091, 1100 (9th Cir. 2002).  A court may also consider the EEOC intake questionnaire in determining what was exhausted.  *Id.*

---

[9] Title VII of the Civil Rights Act of 1964 (42 U.S.C. § 2000e et seq.) takes a similar approach, requiring a person alleging a violation of federal employment rights to first file a charge with the Equal Employment Opportunity Commission (EEOC).  Should the EEOC choose not to pursue the charge, it issues the complainant a right to sue letter (42 U.S.C. § 2000e-5(f)(1), which is a prerequisite to an action in federal district court.  In light of the equivalency between the administrative exhaustion requirements of FEHA and Title VII, California courts have adopted federal standards in deciding questions of administrative exhaustion under FEHA.  *See, e.g. Baker v. Children's Hospital Medical Center*, 209 Cal.App.3d 1057, 1063 (1989).

at 1101.

    (ii)    *Plaintiff has Satisfied FEHA's Administrative Exhaustion Requirements*

        Here, Defendants first argue that Plaintiff failed to satisfy FEHA's exhaustion requirement

because he did not name the Individual Defendants as respondents or co-respondents in the

caption of his administrative complaints filed with DFEH.  However, "California's administrative

remedy exhaustion requirement is not as rigid as defendants submit.  The function of an

administrative complaint is to provide the basis for the investigation into an employee's claim of

discrimination against an employer, and not to limit access to the courts … Thus, the exhaustion

requirement is met if a party has 'been named in the caption *or* body of the DFEH charge.'"

*Gathenji v. Autozoners, LLC*, 703 F. Supp. 2d 1017, 1035 (E.D. Cal. 2010) (emphasis added)

(citing *Cole v. Antelope Valley Union High Sch. Dist*., 47 Cal.App.4th 1505, 1514 (1996).  In

Plaintiff's first DFEH complaint, in the caption line, he names International Paper as the

"employer, person ... who discriminated against [him]."  Doc. 6, Ex. 6.  Next, in the body of the

complaint, he names both Individual Defendants and identifies them as plant manager and

supervisor respectively.  Doc. 6, Ex. 3.  Moreover, although Plaintiff does not name the

Individual Defendants in his second DFEH complaint as amended, it would have been clear to

these defendants that the DFEH would consider both of Plaintiff's complaints, taken together, for

purposes of defining the scope of any administrative investigation.  Accordingly, the fact that

Plaintiff did not name the Individual Defendants in the caption line of his DFEH complaints does

not preclude exhaustion of his administrative remedies against them.  *See Cole,* 47 Cal. App. 4th

at 1511 (plaintiff's employment discrimination lawsuit was viable against a management

employee who was named in the body of the administrative charge because if there had been an

administrative investigation, the employee would have been put on notice of the charges and

would have had an opportunity to participate); *Martin v. Fisher*, 11 Cal.App.4th 118, 123 (1992)

12

(the interests of a supervisory employee named in the body of a charge of employment discrimination are essentially those of the employer named in the caption of the charge, and if the charge describes discriminatory actions taken by the supervisory employees, they can certainly anticipate they will be named as parties in any ensuing lawsuit).

Defendants further argue that Plaintiff has failed to exhaust his administrative remedies against the Individual Defendants because they are only mentioned as "witnesses" to the allegedly discriminatory actions of the corporate employer, Defendant IP.  This argument is unavailing as the first administrative complaint includes allegations indicating that both Individual Defendants played a role in the harassment Plaintiff allegedly suffered in the workplace, including making disparaging remarks related to Plaintiff's use of medical leave and tacit approval of mocking comments about Plaintiff's disabilities made by other employees.  Thus, Defendants' argument that the administrative complaint casts the Individual Defendants as mere bystanders is not supported by the record before the Court.

The ultimate inquiry for purposes of resolving the question of exhaustion raised by Defendants is whether the factual allegations supporting Plaintiff's claim of disability-harassment under FEHA are "like and reasonably related" to the allegations in the administrative charges. *Freeman v. Oakland Unified School District*, 291 F.3d 632, 636 (9th Cir. 2002); *Sandhu v. Lockheed Missiles & Space Co*., 26 Cal.App.4th 846, 859 (1994).  As discussed above, Plaintiff's first administrative complaint mentions both Individual Defendants by name in the body of the charges and identifies them as plant manager and supervisor respectively; it also alleges that Plaintiff was penalized for taking medical leave and that he suffered numerous incidents of harassment by co-workers that his supervisors were aware of.  Furthermore, any investigation into Plaintiff's two administrative complaints to the DFEH, taken together, would have uncovered the allegations included in the judicial complaint.  *Nazir v. United Airlines, Inc*., 178 Cal. App. 4th

243, 268 (2009) ("what is submitted to the DFEH must not only be construed liberally in favor of plaintiff, it must be construed in light of what might be uncovered by a reasonable investigation"); *Wills v. Superior Court*, 195 Cal.App.4[th] 143, 153 (2011) (the administrative exhaustion requirement is satisfied if the allegations of the civil action are within the scope of the administrative charge, any administrative investigation actually completed, or any investigation that might reasonably have been expected to grow out of the charge). Thus, the allegations in the judicial complaint are "like and reasonably related to" those in the administrative complaint. Plaintiff has, therefore, sufficiently exhausted his administrative remedies against the Individual Defendants. [10]

(4) Plaintiff States a Potentially Valid FEHA Disability-Harassment Claim

In the Ninth Circuit, a non-diverse defendant is deemed a sham defendant only if, after all disputed questions of fact and all ambiguities in the controlling state law are resolved in the plaintiff's favor, the plaintiff could not possibly recover against the party whose joinder is questioned. *Kruso v. Int'l Tel. & Tel. Corp.*, 872 F.2d 1416, 1426 (9th Cir. 1989). The failure to state a claim against the non-diverse defendant must be "obvious according to the well-settled rules of the state." *United Computer Sys. v. AT & T Corp.*, 298 F.3d 756, 761 (9th Cir. 2002). Here, Plaintiff has stated a potentially viable claim of harassment, under FEHA, against the Individual Defendants. Accordingly, Defendants have failed to meet their burden of establishing that the Individual Defendants are sham defendants, particularly in light of the "strong

---

[10] Some of the factual allegations in the judicial complaint against the Individual Defendants are also "like and reasonably related to" the allegations included in the EEOC Intake Questionnaire submitted with Plaintiff's administrative complaint, which was dual-filed with the EEOC. *See* Doc. 6, Ex. 4. In the EEOC Intake Questionnaire, Plaintiff alleged that Individual Defendant Nava tampered with an incident report regarding a fall Plaintiff sustained in December 2011. *Id*. at 2. Plaintiff further alleges that upon returning to work after a bout of shingles with a doctor's note on March 28, 2012, Defendant Turczyn, the plant manager, told him that he had exceeded the attendance point system newly implemented by the company. *Id*; *see also B.K.B. v. Maui Police Dept*., 276 F.3d 1091, 1101 (9th Cir. 2002) (EEOC intake questionnaire is relevant to exhaustion determination); *Chopourian v. Catholic Healthcare W*., 2011 WL 6396500 (E.D. Cal. Dec. 20, 2011); *Nazir*, 178 Cal. App. 4th at 268-69 (holding that all materials submitted by plaintiff to DFEH, including two intake questionnaires, may be considered for purposes of determining whether plaintiff had exhausted his administrative remedies).

presumption against removal jurisdiction," *Gaus v. Miles*, 980 F.2d 564, 566 (9th Cir. 1992), and the general presumption against a finding of fraudulent joinder.  *Hamilton Materials Inc. v. Dow Chem Corp.*, 494 F.3d 1203, 1206 (9th Cir. 2007) (the removing defendant must prove by clear and convincing evidence that joinder was fraudulent).

Plaintiff's disability harassment claim against the Individual Defendants arises under FEHA, Cal. Govt. Code  § 12940(j), which prohibits harassment on the basis of disability and subjects an employee to personal liability.[11]  § 12940(j) makes it unlawful "[f]or an employer ... or any other person, because of ... physical disability, mental disability, medical condition ... [or] age ... to harass an employee."  § 12940(j)(3) further provides that "[a]n employee of an entity subject to this subdivision is personally liable for any harassment prohibited by this section that is perpetrated by the employee."

Defendants argue that Plaintiff's FEHA harassment claims fails on the merits because the conduct that Plaintiff alleges is not severe or pervasive enough to constitute harassment.  To establish harassment under FEHA, a plaintiff must show that he is a member of a protective group, was subjected to harassment because he belonged to this group, and that the alleged harassment was so severe it created a hostile work environment.  *Aguilar v. Avis Rent A Car Sys., Inc.*, 21 Cal.4th 121, 130 (1999); *Huck v. Kone Inc.*, 2011 WL 6294466, at *11 (N.D. Cal. Dec. 15, 2011); *Gardner v. City of Berkeley*, 838 F.Supp.2d 910, 926 (N.D. Cal. 2012).  The "harassment cannot be occasional, isolated, sporadic, or trivial; rather the plaintiff must show a concerted pattern of harassment of a repeated, routine or a generalized nature."  *Aguilar*, 21 Cal.4th at 131 (internal quotation marks, brackets and citation omitted).  Harassment consists of conduct outside the scope of job duties that is not of a type necessary to business and personnel

---

[11] The complaint also alleges a claim under Cal. Govt. Code § 112940(k) for failure to prevent harassment. However, in his reply brief, Plaintiff concedes that this claim is made solely against the employer, International Paper Company.

management.  *Reno v. Baird*, 18 Cal.4th 640, 647 (1998).

In the instant case, the Court cannot conclude that the complaint fails to state a claim for disability harassment against the Individual Defendants and that the failure is "obvious" according to the settled rules of the state.  Despite the brevity of the allegations, Plaintiff alleges that after he took medical leave due to his disabilities, Defendant Turczyn, the plant manager, and Defendant Nava, his supervisor, made disparaging comments to him about taking medical leave; treated him unfairly by reassigning him from his machine-operator duties to perform menial tasks, despite his full medical clearance; and gave him unwarranted attendance points.  Plaintiff further alleges that Defendant Nava denied his request to take a floating holiday, which was offered to other employees with less seniority, and appeared to encourage Plaintiff's co-workers to mock and harass Plaintiff on the basis of his disabilities.  Finally, Plaintiff contends that both Individual Defendants played a significant role in the decision to terminate Plaintiff, after he had worked at the plant for well over a decade, simply because of his legitimate need to take medical leave for shingles, diabetes, and other disabilities and medical conditions.  Based on these allegations, it is not "obvious" that the Individual Defendants' conduct—outside of necessary managerial duties— was not so severe as to alter the conditions of Plaintiff's employment and create a hostile work environment for Plaintiff based on his alleged disabilities.  *See United Computer Sys. v. AT & T Corp.*, 298 F.3d 756, 761 (9th Cir. 2002).

If there is any possibility that Plaintiff will be able to establish liability against the Individual Defendants, then joinder is not fraudulent.  *Bear Valley Family v. Bank Midwest, N.A.*, 2010 WL 3369600, at *2 (C.D.Cal. Aug.23, 2010); *see also Altman v. HO Sports Co., Inc.*, 2009 WL 2590425, at *2 (E.D.Cal. Aug.20, 2009) ("Stated differently, if there is a non-fanciful possibility that the plaintiffs can state a claim against the non-diverse defendant, the [district] court must remand.") (alteration in original) (internal quotation marks omitted); *Ybarra v.*

*Universal City Studios, LLC*, 2013 WL 5522009, *5 (C.D. Cal. Oct. 2, 2013) (merely a "glimmer

of hope" that a plaintiff can establish a claim is sufficient to preclude application of the fraudulent

joinder doctrine) (citing *Gonzalez v. J.S. Paluch*, 2013 WL 100210, *4 (C.D. Cal. January 7,

2013).  Here the complaint includes sufficient allegations to set forth potentially valid harassment

claims against both Individual Defendants; furthermore, Plaintiff may be able to expand on the

allegations in any amended complaint.  Thus, in light of the strong presumption against removal

jurisdiction and the state court practice of broadly pleading and amending, the Court cannot

conclude that it is impossible or fanciful that Plaintiff can establish liability against the Individual

Defendants.  *See Padilla v. AT & T Corp*, 697 F.Supp.2d 1156, 1159 (2009) (remand must be

granted unless the defendant shows that the plaintiff would not be afforded leave to amend his

complaint to cure the purported deficiency).  As the *Padilla* court noted, "[t]he words fraud and

sham imply a degree of chicanery or deceit, and a state court plaintiff engaging in a common

strategy of pleading broadly does not engage in a fraud or sham."  *Id.* at 1160.  In sum,

Defendants have failed to prove by "clear and convincing evidence" that the joinder of the

Individual Defendants, both citizens of California, is fraudulent.  Accordingly, the Court lacks

removal jurisdiction over this case.

### B.  Plaintiff States Potentially Valid Claims of Intentional Infliction of Emotional Distress Against the Individual Defendants

Based on the factual allegations in the complaint and reasonable inferences based thereon,

the Court concludes that Plaintiff also states a potentially valid claim of intentional infliction of

emotional distress against the Individual Defendants, thereby precluding application of the

fraudulent joinder doctrine.  To state a claim for intentional infliction of emotional distress under

California law, a plaintiff must allege (1) extreme and outrageous conduct by defendants with the

intention of causing, or reckless disregard for the probability of causing, emotional distress; (2)

the suffering of severe or extreme emotional distress; and (3) the fact that the outrageous conduct

actually and proximately caused the distress.  *Barsell v. Urban Outfitters, Inc*., 2009 WL 1916495 (C.D. Cal. July 1, 2009); *also see Molko v. Holy Spirit Assn.*, 46 Cal.3d 1092, 1120 (1986) (the elements of a cause of action for intentional infliction of emotional distress include: 1) extreme and outrageous conduct by the defendant, 2) intent to cause or reckless disregard of the probability of causing emotional distress, 3) severe emotional suffering, and 4) actual and proximate causation of the emotional distress).  Conduct is extreme and outrageous when it exceeds "all bounds usually tolerated by a decent society, of a nature which is especially calculated to cause, and does cause, mental distress." *Cole v. Fair Oaks Fire Protection Dist*., 43 Cal.3d 148, 155, fn. 7 (1987).  Moreover, to prevail on an intentional infliction of emotional distress claim, the defendant must have intended to inflict emotional distress or known that his or her actions would result in such harm. *Davidson v. City of Westminster*, 32 Cal.3d 197, 209 (1982).

Courts have granted motions to remand in employment actions alleging claims of intentional infliction of emotional distress against a supervisor in certain circumstances.  For example, the court granted a motion to remand in *Dagley v. Target Corp., Inc.*, where the plaintiff alleged "that she was terminated during her medical leave without any inquiry or warning." *Dagley v. Target Corp., Inc*. 2009 WL 910558, *3 (C.D. Cal. March 31, 2009).  The court reasoned that "[i]t is possible that a reasonable jury could find that [the supervisor] denied Plaintiff's right to medical leave in a deceptive manner by terminating her, and that therefore Plaintiff may possibly have a claim of intentional infliction of emotional distress." *Id*.; *also see Barsell*, 2009 WL 1916495 (granting motion to remand when plaintiff alleged that a supervisor falsely wrote her up for tardiness one day after she had unable to work due to depression and then terminated her when she was hospitalized for depression shortly thereafter).  The *Dagley* and *Barsell* courts noted that although a manager's act of terminating employees does not by itself

18

generally create an action for intentional infliction of emotional distress, such a claim is possible "'[w]here the behavior goes beyond the act of termination.'" *Dagley*, 2009 WL 910558 at *3 (citing *Gibson v. Am. Airlines*, 1996 WL 329632, at *4 (N.D. Cal. June 6, 1996)).   "For example, if a plaintiff 'alleges conduct other than that inherent in terminating an employee,' such as violating a 'fundamental interest of the employee … in a deceptive manner that results in the plaintiff being denied rights granted to other employees,' then a claim for intentional infliction of emotional distress is possible against a supervisor." *Id.* (citing *Gibson*, 1996 WL 329632 at *4). Like *Dagney* and *Barsell*, the *Gibson* court also found that an intentional infliction of emotional distress claim was possible against the plaintiff's supervisor when the supervisor fired the plaintiff in part for taking medical leave. *Gibson*, 1996 WL 329632 at *4.   The *Gibson* court stated that plaintiff was denied the right to medical leave in a deceptive manner when other employees were given such a right. *Id.*   In the instant case, Plaintiff's complaint alleges that Plaintiff was terminated for taking medical leave without any inquiry or consideration of his medical documentation.   Therefore, there is a possibility that Plaintiff will be able to state a claim of intentional infliction of emotional distress against the Individual Defendants. *Ybarra v. Universal City Studios, LLC*, 2013 WL 5522009, *5 (C.D. Cal. Oct. 2, 2013) (merely a "glimmer of hope" that a plaintiff can establish a claim is sufficient to preclude application of the fraudulent joinder doctrine); *also see Barsell* 2009 WL 1916495 at *7 (with reference to "cases in which defendants have argued that a supervisor's conduct was not sufficiently outrageous to support an intentional infliction of emotional distress claim, district courts applying the fraudulent joinder standard have generally found a non-fanciful possibility of liability, even where plaintiff's claim appeared relatively weak") (internal quotation marks omitted).

Similarly, although it is well settled that "emotional distress caused by misconduct in employment relations involving, for example, promotions, demotions, criticism of work practices,

negotiations as to grievances, is a normal part of the employment environment," *Accardi v. Superior Court*, 17 Cal.App.4th 341, 352-353 (1993), courts have held that supervisors may be sued for intentional infliction of emotional distress where the claim arises from managerial conduct that violated the public policies contained in FEHA.  *Toran v. Jones*, 2003 WL 21185126, *5-*6 (Cal. Ct. of Appeal, 6th Dist., May 19, 2003)); *Asurmendi v. Tyco Electronics Corp.,* 2009 WL 650386, *5 (N.D. Cal. March 11, 2009) (verbal criticism of employee by supervisor could form the basis of both a harassment claim under FEHA and an IIED claim); *Fisher v. San Pedro Peninsula Hospital*, 214 Cal.App.3d 590, 618 (1989) (given the fundamental civil right under FEHA to a discrimination free work environment, sexual harassment in the workplace is by its very nature outrageous conduct and thus, if properly pled, "will constitute the outrageous behavior element of a cause of action for intentional infliction of emotional distress"). In the instant case, Plaintiff's complaint alleges that both Individual Defendants harassed and/or encouraged the harassment of Plaintiff on the basis of his disabilities, in violation of FEHA.  The complaint also alleges that International Paper terminated Defendant for discriminatory reasons in violation of FEHA, and that the Individual Defendants played a role in that termination.  *See Barsell v. Urban Outfitters*, 2009 WL 1916495 at *5-*8 ("courts considering intentional infliction of emotional distress claims have clearly ruled that such claims can be brought where the distress is engendered by an employer's illegal discriminatory practices").  Accordingly, it appears that harassment and discriminatory conduct prohibited under FEHA can be the basis for a claim of intentional infliction of emotional distress, where such conduct has taken on the required degree of outrageousness and the other elements of the cause of action are met.  Furthermore, "[w]hether … alleged behavior is sufficiently extreme as to constitute 'outrageous' behavior is properly determined by the fact finder after trial or possibly after discovery upon a motion for summary judgment."  *See Angie M. v. Superior Court*, 37 Cal.App.4[th] 1217, 1226 (1995).  Therefore, the

Court concludes that remand is proper because it is not "obvious" that Plaintiff's IIED claims against the Individual Defendants are definitively foreclosed under California law. *See Bains v. Blockbuster, Inc.*, 2008 WL 5099654, at *4 (E.D. Cal. Nov. 25, 2008).

## RECOMMENDATION

For the reasons set forth above, the undersigned RECOMMENDS that the Plaintiff's motion to remand this action to the Fresno County Superior Court be GRANTED.  These findings and recommendations are submitted to District Judge Anthony W. Ishii pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304.  Any party may file written objections to these findings and recommendations within fourteen (14) days of service thereof.  Such a document shall be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The District Judge will review these findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Judge's forthcoming order.  *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).


IT IS SO ORDERED.

Dated:   **January 23, 2015**              **/s/ Gary S. Austin**
                                     UNITED STATES MAGISTRATE JUDGE